UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(FT. LAUDERDALE DIVISION)
www.flsb.uscourts.gov

| | |
|---|---|
| In re | CASE NO. 10-44131-BKC-JKO, et al. |
| | CHAPTER 11 |
| GULFSTREAM INTERNATIONAL GROUP, INC., et. al.,[1] | (Substantively consolidated) |
| Debtors. _____ / | |
| KENNETH A. WELT, as Liquidating Trustee, of the estate of the above-styled substantively consolidated Debtors, | ADV. NO. |
| Plaintiff, | |
| v. | |
| WEATHERLY GROUP, LLC, a limited liability company, and THOMAS A. MCFALL, an individual, | |
| Defendants. _____ / | |

## ADVERSARY COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS AND FOR OTHER RELIEF

Kenneth A. Welt, as Liquidating Trustee (the "Trustee") of the substantively consolidated estates of Gulfstream International Group, Inc. ("GIG"), and its subsidiaries Gulfstream International Airlines, Inc. ("GIA"), Gulfstream Training Academy, Inc. ("GTA"), GIA Holdings Corp., Inc., and Gulfstream Connection, Inc. (collectively, the "Debtors"), and as Successor to the Official Committee of Unsecured Creditors (the "Committee"), files this

---

[1] The last four digits of the substantively consolidated Debtors' respective taxpayer identification numbers are as follows: (i) Gulfstream International Group, Inc. (3956); (ii) Gulfstream International Airlines, Inc. (1720); (iii) Gulfstream Training Academy, Inc. (5843); (iv) GIA Holdings Corp., Inc. (9548); and (v) Gulfstream Connection, Inc. (1208).

Adversary Complaint to Avoid and Recover Avoidable Transfers and for Other Relief (the "Complaint"), against the Defendants Weatherly Group, LLC ("Weatherly") and Thomas A. McFall ("McFall") (Weatherly and McFall shall sometimes collectively be referred to herein as the "Defendants"), and alleges:

## THE PARTIES, JURISDICTION AND VENUE

1. On November 4, 2010, (the "Petition Date"), the Debtors petitioned for relief under chapter 11 of the United States Bankruptcy Code. By orders of the Court each of the Debtors' bankruptcy cases is being jointly administered and is substantively consolidated under main bankruptcy case number 10-44131-BKC-JKO.

2. Pre-petition, the Debtors and their affiliates provided charter flight, pilot training and related services in Florida, the Bahamas and Cuba.

3. On January 20, 2011, the Court entered its Order (A) Approving the Sale of Substantially All of the Assets of the Debtors Free and Clear of All Liens, Claims, Encumbrances, and Interests; (B) Approving the Assumption and Assignment of Executory Contracts and Unexpired Leases; and (C) Granting Related Relief (ECF No. 307).

4. On August 30, 2011, the Court entered its Final Order Approving Amended Disclosure Statement and Confirming Amended Plan of Liquidation Proposed by the Official Committee of Unsecured Creditors (ECF No. 640) (the "Confirmation Order").

5. Pursuant to the Confirmation Order, Kenneth A. Welt was appointed as the Liquidating Trustee of the consolidated Debtor estate, successor to the Committee, and authorized to investigate, prosecute and pursue claims related thereto.

6. McFall was, at all material times hereto, the Chairman of the Board of Directors and Senior Executive Officer of Gulfstream International Group, Inc. and was an insider of the

Debtor pursuant to Section 101(31) of the Bankruptcy Code.

7. Weatherly is a Delaware limited liability company, according to the terms of the management services agreement referenced in Paragraph 11 below. Alternatively, and as reflected in public corporate records, Weatherly is a New Jersey limited liability company with its principal address in Redbank, New Jersey. At all times material hereto, Weatherly was owned, operated and/or controlled by McFall, and was an insider of the Debtor pursuant to Section 101(31) of the Bankruptcy Code.

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

9. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (F), (H) and (O). The Trustee consents to the entry of final orders and judgment by the Bankruptcy Court.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS SUPPORTING THE CLAIMS

11. On March 14, 2006, GIG entered into a management services agreement with Weatherly and another third party (the "Agreement"). Under the Agreement, purported "advisory and management services" were agreed to be provided to GIG in consideration of an annual management fee of $200,000, payable monthly, and financial advisory fees based on a formula if the GIG merged with or acquired another company. The Agreement had an expiration date of March 13, 2011.

## THE TRANSFERS AT ISSUE

12. The Agreement further provided that: "[u]pon execution and delivery of this Agreement, [GIG] agrees to pay [Weatherly] a closing fee of **$750,000** in consideration for their efforts in effecting the acquisition of Gulfstream International Airlines, Inc. and Gulfstream

3

Training Academy." (emphasis added).   According to GIG's SEC filings: (i) the Agreement was terminated on May 27, 2008; (ii) no fees were paid under the Agreement during 2008 or 2009; (iii) management fees totaled **$17,000** per month under Agreement; (iv) expenses incurred pursuant to the Agreement were $158,000 in 2006 and $200,000 in 2007; and (v) the amount of management fees owed as of December 31, 2006 and 2007 was $0 and $17,000 respectively (collectively, the "Agreement Transfers").

13. According to GIG's SEC filings, on March 14, 2006, in connection with the acquisition of GIA and GTA, an advisory fee of **$300,000** was paid to Weatherly (the "Advisory Fee Transfer").

14. Without limiting the foregoing, the currently known Agreement Transfers and/or Advisory Fee Transfers made by the Debtors to and/or for the benefit of the Defendants are as follows (or, in the alternative, the following transfers were made by the Debtors which, for purposes of this Complaint, shall be deemed inclusive of the Agreement Transfers and/or Advisory Fee Transfers whether they constituted such or not):

4

| Vendor Name | Period Paid / Date Paid | Amount |
| --- | --- | --- |
| WEATHERLY GROUP, LLC | 2006-04 | 16,666.67 |
| WEATHERLY GROUP, LLC | 2006-05 | 16,666.67 |
| WEATHERLY GROUP, LLC | 2006-06 | 16,666.67 |
| WEATHERLY GROUP, LLC | 2006-07 | 16,666.67 |
| WEATHERLY GROUP, LLC | 2006-08 | 16,666.67 |
| WEATHERLY GROUP, LLC | 2006-09 | 16,666.67 |
| WEATHERLY GROUP, LLC | 2006-11 | 16,666.67 |
| MO. BOARD FEES | 01/31/07 | 16,666.67 |
| WEATHERLY GRP.-MO. BOARD FEES | 03/31/07 | 16,666.67 |
| WEATHERLY GROUP LLC-4/07 BOARD FEES | 04/30/07 | 16,666.67 |
| 5/07 MGMT. FEES | 05/31/07 | 16,666.67 |
| MO. MGMT. FEES-6/07 | 06/30/07 | 16,666.67 |
| MGMT. FEES-7/07 | 07/31/07 | 16,666.67 |
| MGMT. FEES-WEATHERLY GROUP | 08/31/07 | 16,666.67 |
| W/T TO WEATHERLY GRP.-MGMT. FEES-SEP., OCT., NOV., DEC. 2007 | 12/31/07 | 66,666.68 |
| W/T TO "WEATHERLY GROUP"-1/08 MGMT. FEES | 01/31/08 | 16,666.67 |
| **WEATHERLY GROUP, LLC Total** | | **$ 316,666.73** |

15.     Prior to the Petition Date, McFall received the below transfers (the "Additional Transfers") from the Debtors:

| Vendor Name | Period Paid / Date Paid | Amount |
|---|---|---|
| McFALL, TOM | 2008-03 | 5,000.00 |
| McFALL, TOM | 2008-12 | 8,333.33 |
| McFALL, TOM | 2008-12 | 8,333.33 |
| McFALL, TOM | 2008-12 | 8,333.33 |
| McFALL, TOM | 2009-01 | 8,333.33 |
| McFALL, TOM | 2009-02 | 8,333.33 |
| McFALL, TOM | 2009-03 | 8,333.33 |
| McFALL, TOM | 2009-04 | 2,499.96 |
| McFALL, TOM | 2009-04 | 8,333.33 |
| McFALL, TOM | 2009-05 | 8,333.33 |
| McFALL, TOM | 2009-06 | 8,333.33 |
| McFALL, TOM | 2009-06 | 8,333.33 |
| McFALL, TOM | 2009-08 | 8,333.33 |
| McFALL, TOM | 2009-09 | 8,333.33 |
| McFALL, TOM | 2009-12 | 16,666.66 |
| McFALL, TOM | 2010-01 | 8,333.33 |
| McFALL, TOM | 2010-02 | 8,333.33 |
| McFALL, TOM | 2010-03 | 8,333.33 |
| McFALL, TOM | 2010-04 | 1,000.00 |
| McFALL, TOM | 2010-04 | 8,333.33 |
| McFALL, TOM | 2010-05 | 3,833.33 |
| McFALL, TOM | 2010-06 | 8,333.33 |
| McFALL, TOM | 2010-07 | 8,333.33 |
| McFALL, TOM | 2010-07 | 8,333.33 |
| McFALL, TOM | 2010-08 | 8,333.33 |
| McFALL, TOM | 2010-09 | 2,000.00 |
| McFALL, TOM | 2010-09 | 8,333.33 |
| McFALL, TOM | 2010-10 | 8,333.33 |
| **McFALL, TOM Total** | | **$ 214,333.21** |

16.     Within one year of the Petition Date, McFall received the below transfers (the "Preferential Transfers") from the Debtors (per GIA's statement of financial affairs filed with the Bankruptcy Court):

6

| NAME AND ADDRESS OF RECIP | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF PAYMENTS | PURPOSE OF PAYMENT | AMOUNT PAID |
|---|---|---|---|---|
| Thomas A. McFall<br>3201 Griffin Road, 4th Floor<br>Fort Lauderdale, FL 33312 | Chairman of the Board and Senior Executive Officer of Gulfstream International Group, Inc. | 12/31/09 | Consulting Fee | $16,666.66 |
| | | 01/31/10 | Consulting Fee | $8,333.33 |
| | | 02/28/10 | Consulting Fee | $8,333.33 |
| | | 03/04/10 | Consulting Fee | $8,333.33 |
| | | 04/30/10 | Consulting Fee | $8,333.33 |
| | | 05/31/10 | Consulting Fee | $3,833.33 |
| | | 04/16/10 | Consulting Fee | $8,333.33 |
| | | 06/07/10 | Consulting Fee | $8,333.33 |
| | | 07/30/10 | Consulting Fee | $8,333.33 |
| | | 07/30/10 | Consulting Fee | $8,333.33 |
| | | 08/31/10 | Consulting Fee | $8,333.33 |
| | | 09/27/10 | Consulting Fee | $8,333.33 |
| | | 04/22/10 | Consulting Fee | $1,000.00 |
| | | 09/10/10 | Consulting Fee | $2,000.00 |
| | | 04/30/10 | Consulting Fee | $4,500.00 |
| | | | | $111,333.29 |

17. Little or no value of consideration was provided to each or any of the Debtors for the Agreement Transfers, the Advisory Fee Transfers and/or the Preferential Transfers.

18. All conditions precedent to the filing of this action have been performed, occurred, waived or have otherwise been excused.

### COUNT I
### Action to Avoid and Recover Avoidable Transfers Pursuant to 11 U.S.C. §§ 541, 544 and 548 and Chapters 56.29 and/or 726 of the Florida Statutes
**(Against the Defendants)**

The Trustee sues the Defendants and alleges:

19. The Trustee re-alleges paragraphs 1 through 18 above.

20. Pursuant to 11 U.S.C. § 548 and/or 11 U.S.C. § 544 and Chapter 726 of the Florida Statutes, a trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within 2 years (under Section 548 of the Bankruptcy Code) and 4 years (under Chapter 726 of the Florida Statutes) before the date of the filing of the petition, if the debtor voluntarily or involuntarily – (A) made such

transfer or incurred such obligation with actual intent to hinder or delay, any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

21. Pursuant to 11 U.S.C. § 550, in an avoidance action commenced under Sections 544 and 548 of the Bankruptcy Code and Chapter 726 of the Florida Statutes, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from – (1) the initial transferee of such transfer or the entity *for whose benefit such transfer was made;* and (2) any immediate or mediate transferee of such initial transferee.

22. In addition, pursuant to Section 541(a) of the Bankruptcy Code: (a) the trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by – (1) a creditor that extends credit to the debtor at the time of the commencement of the case, *and that obtains,* at such time and with respect to such credit*, a judicial lien* on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists; (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, *an execution against the debtor that is*

*returned unsatisfied at such time*, whether or not such a creditor exists.

23. As a judgment lien creditor with an unsatisfied execution, the Trustee is entitled to the rights and remedies afforded pursuant to Section 56.29 of the Florida Statutes, which in pertinent part provides that:

> (5) The judge may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt.
>
> . . .
>
> (6)(b) When any gift, transfer, assignment or other conveyance of personal property has been made or contrived by defendant to delay, hinder or defraud creditors, the court shall order the gift, transfer, assignment or other conveyance to be void and direct the sheriff to take the property to satisfy the execution.

24. Florida decisional law provides for a 10-20 year statute of limitations to prosecute claims to avoid avoidable transfers pursuant to Section 56.29. See e.g. *Zureikat v. Al Shaibani*, 944 So.2d 1019 (5th DCA 2006) (holding that even the passage of over six years will not prevent, by operation of statute of limitations, a judgment creditor from initiating proceedings supplementary).

25. The Agreement Transfers, Advisory Fee Transfers and Additional Transfers (collectively, the "Transfers") were made with actual intent to hinder or delay creditors of the Debtors, and such transfers were not received in good faith by the Defendants, and are otherwise avoidable pursuant to Chapter 56.29 and/or 726 of the Florida Statutes.

26. Alternatively, the Debtors did not receive reasonably equivalent value for the Transfers and they: (i) were insolvent at the time of the Transfers or became insolvent as a result thereof; or (iii) intended to incur, or believed or reasonably should have believed, that they would incur debts beyond their ability to pay as they came due or matured.

9

27. As a result of the above, the Trustee can avoid the Transfers pursuant to Sections 541, 544 and 548 of the Bankruptcy Code and Chapters 56.29 and/or 726 of the Florida Statues, and recover the value thereof for the benefit of the estate pursuant to Section 550 of the Bankruptcy Code, with Weatherly as the initial transferee, and/or McFall as the party "for whose benefit" the Transfers were made.

WHEREFORE, the Trustee demands the entry of judgment against each of the Defendants: (i) avoiding the Transfers to the Defendants; (ii) awarding a money judgment to The Trustee in an amount equal to the amount of the Transfers pursuant to 11 U.S.C. § 550(a); (iii) awarding pre-judgment interest; (iv) disallowing any claim that the Defendants may have against the Debtors' bankruptcy estates until such time as the Defendants pay the Transfers asserted herein as provided in 11 U.S.C. § 502(d); and (v) awarding any other relief the Court deems appropriate.

## COUNT II
### Action to Avoid and Recover Avoidable Transfers Pursuant to 11 U.S.C. §§ 547 and 550
### (Against McFall)

The Trustee sues McFall and alleges

28. The Trustee re-alleges paragraphs 1 through 18 above.

29. This is an action by the Trustee against McFall to avoid and recover insider preferential transfers made to or for his benefit pursuant to 11 U.S.C. §§ 547(b) and 550(a).

30. Within one year of the Petition Date, the Debtors made the Preferential Transfers to McFall which transfers, along with any and all other transfers made to him and/or his affiliates within one year of the Petition Date not otherwise listed in Paragraph 15 above, are collectively referred to herein as the "One Year Transfers."

31. The One Year Transfers constituted transfers of the particular Debtor's interest in

property.

32. The One Year Transfers were made:

    a. to or for the benefit of McFall, who, at all relevant times, was a creditor of the Debtor who made the particular One Year Transfer;

    b. for or on account of an antecedent debt owed by the particular Debtor to McFall before such One Year Transfers were made; and

    c. while the Debtors were insolvent.

33. The One Year Transfers to McFall enabled him to receive more than he would have received if:

    a. this case were a case under Chapter 7 of the Bankruptcy Code;

    b. the One Year Transfers had not been made; and

    c. he received a payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

34. By reason of the foregoing, the One Year Transfers are avoidable by Trustee on behalf of the estate pursuant to 11 U.S.C. § 547(b).

35. The Trustee is entitled to recover the amount or value of the One Year Transfers from McFall pursuant to 11 U.S.C. § 550(a).

WHEREFORE, the Trustee demands the entry of judgment against McFall: (i) avoiding the One Year Transfers; (ii) awarding a money judgment to the Trustee in an amount equal to the amount of the One Year Transfers pursuant to 11 U.S.C. § 550(a); (iii) awarding pre-judgment interest; (iv) disallowing any claim that McFall may have against the Debtors' bankruptcy estates until such time as he pays the One Year Transfers as provided in 11 U.S.C. § 502(d); and (v) awarding any other relief the Court deems appropriate.

11

**COUNT III**
**Action for Turnover of Property of the Estate**
**and Demand for an Accounting Pursuant to 11 U.S.C. § 542**
(Against the Defendants)

The Trustee sues the Defendants and alleges:

36. The Trustee re-alleges paragraphs 1 through 35 above.

37. This is an action for turnover of property of the estate pursuant to Section 542 of the Bankruptcy Code and a demand for an accounting in accordance therewith.

38. The transfers that are the subject of Counts I and II above, along with any and all assets transferred made to the Defendants (the "Property"), constitute property of the estate to be recovered and administered by the Trustee pursuant to Section 541 of the Bankruptcy Code.

39. As a result of the foregoing, pursuant to Section 542 of the Bankruptcy Code, the Trustee is entitled to the immediate payment and turnover from the Defendants the Property and of any and all transfers made by the Debtors, directly or indirectly, to the Defendants.

40. As a result of the foregoing, pursuant to Section 542 of the Bankruptcy Code, the Trustee is also entitled to an accounting of all such transfers received by the Defendants from the Debtors, directly or indirectly.

WHEREFORE, the demands the entry of judgment against each of the Defendants: (i) ordering the Defendants to turn over to the Trustee all funds, the transfers at issue and other things of value that are the subject of Counts I and II above, including the Property; (ii) ordering the Defendant to account to the Trustee regarding the status, use and current location of such funds and assets; (iii) entering a judgment for the value of the assets that comprise such funds and other things of value; and (iv) for any other relief the Court deems appropriate.

## COUNT IV
### Claim for Unjust Enrichment
**(Against the Defendants)**

The Trustee sues the Defendants and alleges:

41. The Trustee re-alleges paragraphs 1 through 40 above.

42. This is a claim for unjust enrichment.

43. The Debtors conferred a benefit on the Defendants by making the Transfers.

44. The Defendants knowingly and voluntarily accepted and retained the benefit conferred by the Debtors.

45. The circumstances are such that it would be inequitable and unjust for the Defendant to retain the benefit conferred by the Debtors without paying the Trustee the value thereof.

46. As a result of the foregoing, the Defendants have been unjustly enriched at the expense of the Debtors' consolidated bankruptcy estate.

47. The Trustee is entitled to the return of those amounts by which the Defendants were unjustly enriched through disgorgement or any other necessary or appropriate remedy.

WHEREFORE, the Trustee demands the entry of judgment against each of the Defendants in the amount that Defendants were unjustly enriched, together with pre-judgment interest and costs, and for any other relief the Court deems appropriate.

## COUNT V
### Action for Constructive Trust
**(Against the Defendants)**

The Trustee sues the Defendants and alleges:

48. The Trustee re-alleges paragraphs 1 through 40 above.

49. The Trustee is the legal title holder to all property of the Debtors.

50. The Transfers were effectuated by the Debtors under inequitable circumstances.

51. As the beneficiary of the Transfers from the Debtors, the Defendants knew or should have known that the Transfers were improper.

52. The Defendants have been unjustly enriched to the detriment of the Debtors, and as a result, a constructive trust should be established against the Transfers, and all proceeds of the Transfers that are in the possession or control of either or both of the Defendants.

WHEREFORE, the Trustee demands the entry judgment against each of the Defendants for imposition of a constructive trust lien to be established against the Transfers and all proceeds of the Transfers and for any other relief the Court deems appropriate.

## COUNT VI
### Action for Equitable Lien
**(Against the Defendants)**

The Trustee sues the Defendants and alleges:

53. The Trustee re-alleges paragraphs 1 through 40 above.

54. The Trustee is the legal title holder to all property of the Debtors.

55. The Transfers were effectuated by the Debtors under inequitable circumstances.

56. As the beneficiary of the Transfers from the Debtors the Defendants knew or should have known that the Transfers were improper.

57. The Defendants have been unjustly enriched to the detriment of the Debtors, and as a result, an equitable lien should be established against all property acquired by the Defendants directly traceable to the Transfers, and all proceeds thereof.

WHEREFORE, the Trustee demands the entry of judgment against each of the Defendants for imposition of an equitable lien to be established against all realty and personalty

directly traceable from the Transfers, and all proceeds thereof, and for any other relief the Court deems ] appropriate.

## RESERVATION OF RIGHTS

58. The Trustee reserves his right to amend this Complaint, upon completion of his investigation and discovery, to assert any additional claims for relief against the Defendants as may be warranted under the circumstances and allowed by law.

Respectfully submitted this 2nd day of November, 2012.

> GRAYROBINSON, P.A.
> *Counsel to the Liquidating Trustee*
> Robert A. Schatzman
> Florida Bar No. 139008
> Steven J. Solomon
> Florida Bar No. 931969
> Email: robert.schatzman@gray-robinson.com
> Email: steven.solomon@gray-robinson.com
> 1221 Brickell Avenue, Suite 1650
> Miami, FL 33131
> Tel: (305) 416-6880
> Fax: (305) 416-6887
>
> -AND-
>
> GENOVESE, JOBLOVE & BATTISTA, P.A.
> *Special Counsel to the Liquidating Trustee*
> 100 S.E. 2nd Street, Suite 4400
> Miami, FL 33131
> Tel: (305) 349-2300
> Fax: (305) 349-2310
> Email: dcimo@gjb-law.com
>
> By:/s/   David D. Cimo
>     David C. Cimo, Esq.
>     Florida Bar No. 775400
>     Monique D. Hayes, Esq.
>     Florida Bar No. 0843571